UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
LIZA LAMBERTINI,

          Plaintiff**,**  **MEMORANDUM AND ORDER**
                12-CV-3964 (DRH)(ARL)

 v.

JULIE FAIN,

          Defendant.
----------------------------------------------------------------X

**APPEARANCES:**

**For the Plaintiff:**
**LILLIE LAW, LLC**
269 Southport Street
Ronkonkoma, NY  11779
By: James J. Lillie, Esq.

**For the Defendant:**
**CROSBY & HIGGINS, LLP**
350 Broadway, Suite 300
New York, NY  10013
By: Todd A. Higgins, Esq.

**HURLEY, Senior District Judge**:

   Plaintiff Liza Lambertini ("Plaintiff" or "Lambertini") filed the present action against defendant Julie Fann ("Defendant" or "Fann") alleging violations of the copyright laws of the United States, 17 U.S.C. § 101, *et seq.*  Presently before the Court is Defendant's motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), and for an award of attorneys' fees pursuant to 17 U.S.C. § 505.  For the reasons stated below, Defendant's motion is granted in part and denied in part.

## *BACKGROUND*

   The following summary of the facts is taken from the Complaint.  Plaintiff, a resident of Suffolk County, New York, is the sole creator of numerous pieces of artwork featuring fairies for

which she has obtained copyright protection. (Compl. ¶¶ 1, 9.) Plaintiff's works have been displayed, marketed, and sold locally and online. (*Id.* ¶¶ 12, 13.) Defendant has developed works of art that are claimed to be substantially similar to Plaintiff's copyrighted works. (*Id.* ¶ 14.) Despite Plaintiff's communication to Defendant that Defendant's works were substantially similar to Plaintiff's, and Plaintiff's request "that Defendant avoid the substantial similarity of [P]laintiff's works, including the look and feel of [P]laintiff's line of works," a variety of websites offer for sale, and, in fact, have sold Defendant's works to the general public without Plaintiff's knowledge, in some cases, and without her consent. (*Id.* ¶¶ 15, 16.) In addition, it is claimed that "Defendant offers to license her infringing works on [an] array of interactive websites" without Plaintiff's knowledge in some cases, and without her consent. (*Id.* ¶ 17.)

## DISCUSSION

### I. *Motion to Dismiss: Legal Standards*

Rule 8(a) provides that a pleading shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has recently clarified the pleading standard applicable in evaluating a motion to dismiss under Rule 12(b)(6).

First, in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), the Court disavowed the well-known statement in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 550 U.S. at 562. Instead, to survive a motion to dismiss under *Twombly*, a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

2

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Id.* at 555 (citations and internal quotation marks omitted).

More recently, in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court provided further guidance, setting forth a two-pronged approach for courts deciding a motion to dismiss. First, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555)).

Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. The Court defined plausibility as follows:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.* at 678 (quoting *Twombly*, 550 U.S. at 556-57) (internal citations omitted).

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court must look to the allegations on the face of the complaint, but may also consider "[d]ocuments that are attached to the complaint or incorporated in it by reference." *Roth v. Jennings,* 489 F.3d 499, 509 (2d Cir. 2007). *See also Gillingham v. GEICO Direct*, 2008 WL 189671, at *2 (E.D.N.Y. Jan. 18, 2008) (noting that a court considering a motion to dismiss "must limit itself to the facts stated in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint") (citation and internal quotation marks omitted).

## II. *Plaintiff Has Failed to Sufficiently Allege a Copyright Infringement Claim*

The Complaint contains only one count, i.e., a claim of copyright infringement. Plaintiff claims that Defendant "willfully infringed Plaintiff's copyright by copying portions of Plaintiff's works and preparing, reproducing, publishing, displaying and distributing such works or derivative works . . . without Plaintiff's permission, license, or consent." (Compl. ¶ 28.)

"A plaintiff must allege the following elements in order to state a valid claim for copyright infringement: '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.' " *Lumetrics, Inc. v. Blalock*, 2014 WL 2505517, at *3 (W.D.N.Y. June 3, 2014) (quoting *Feist Publ'ns, Inc. v. Rural Television Serv. Co.*, 499 U.S. 340, 361 (1991)). Moreover, "[t]o withstand a motion to dismiss pursuant to Rule 12(b)(6), a claim of copyright infringement must meet the pleading requirements of Rule 8." *Ritani, LLC v. Aghjayan*, 880 F. Supp. 2d 425, 440 (S.D.N.Y. 2012). Thus, a plaintiff asserting a copyright infringement claim must allege: "[1] which specific original works are the subject of the claim, [2] that plaintiff owns the copyright, [3] that the works have been registered in accordance with the copyright statute, and [4] by what acts and during what time defendant has infringed the

4

copyright." *Id.* (citations and internal quotation marks omitted); *accord Patrick Collins, Inc. v. John Doe 1*, 945 F. Supp. 2d 367, 374 (E.D.N.Y. 2013). Since the complaint "need only give the opposing party fair notice of what the plaintiff's claim is and the grounds on which it rests," a plaintiff is not required "to plead specific evidence or extra facts beyond what is needed to make the claim plausible." *Ritani*, 880 F. Supp. 2d at 440 (quoting *Capitol Records, Inc. v. Wings Digital Corp.*, 218 F. Supp. 2d 280, 284 (E.D.N.Y. 2002); *Ellis v. Jean*, 2011 WL 6368555, at *4 (S.D.N.Y. Dec. 16, 2011)) (internal quotation marks omitted).

Here, Plaintiff's allegations are lacking in numerous respects. To begin with, as Defendant notes, the Complaint fails to allege which specific original works are the subject of this action. (Def.'s Mem. at 4-5.) Instead, the Complaint contains general, non-specific allegations, such as that "Defendant began developing works that are substantially similar to [P]laintiff's copyrights" (Compl. ¶ 14), and that Plaintiff asked Defendant to "avoid the substantial similarity of [P]laintiff's works" (*id.* ¶ 15). Contrary to Plaintiff's argument that "[i]t should be obvious to Defendant that the [w]orks in question are those annexed to the Complaint,"[1] (Pl.'s Mem. in Opp'n at 10), Plaintiff has the burden of identifying the specific works at issue in her pleading. Notably, the Complaint describes the Certificates of Registration attached as an exhibit to the Complaint as follows: "Plaintiff has registered many of her works in her portfolio with the U.S. Copyright Office. Exhibit A." (Compl. ¶ 10.) Significantly lacking from this allegation, however, is any indication as to which, if not all, of the registered works identified in the exhibit are the specific works at issue in this lawsuit. The fact that Plaintiff has

---

[1] Plaintiff apparently refers to Exhibit A of the Complaint which contains several Certificates of Registration issued by the Copyright Office for Plaintiff's works.

copyright protection for several of her works does not necessarily indicate that the copyright registrations she has procured are for the specific works that are the subject of this suit. Indeed, by failing to allege which specific original works are at issue in this case, the Court also cannot determine whether Plaintiff has properly alleged ownership in the copyrights that have allegedly been infringed.

In addition to Plaintiff's failure to allege which specific original works are the subject of this action and to allege ownership of valid copyrights for those works, Plaintiff fails to sufficiently allege the acts constituting the infringement or when the alleged infringement occurred. *See Ritani*, 880 F. Supp. 2d at 441 (finding that the plaintiff's pleading burden had not been met where the complaint lacked allegations "as to how or when [the defendant] violated any of the listed copyrights"); *Calloway v. Marvel Entm't Grp.*, 1983 WL 1141, at *3 (S.D.N.Y. June 20, 1983) (finding that the complaint required dismissal where, *inter alia*, there were no allegations as to when the alleged infringement occurred); *see also Plunket v. Doyle*, 2001 WL 175252, at *5 (S.D.N.Y. Feb. 22, 2001) (finding the plaintiff's claim that the defendants "entered into, or have offered, licenses purporting to grant third parties the right to exploit the [subject works] in various media" insufficient to allege the infringing acts or the time period in which the acts occurred (citation and internal quotation marks omitted)). Indeed, Plaintiff seemingly concedes that the Complaint lacks these required allegations by arguing, albeit mistakenly, that she "is not required to make . . . specific[ allegations]" as to "exactly which individual works were sold or offered for sale and in what specific time period each individual act occurred." (Pl.'s Mem. in Opp'n at 9.)

Plaintiff argues that the following allegations set forth the acts and time frame constituting the infringement: "Plaintiff . . . requested that Defendant avoid the substantial similarity of [P]laintiff's works, including the look and feel of [P]laintiff's line of works" (Compl. ¶ 15); "Defendant offers for sale her infringing works on an array of interactive websites, which has been sold to the general public, some without the [P]laintiff's knowledge, all without authorization, or consent" (*id.* ¶ 16); "Defendant offers to license her infringing works on an array of interactive websites, which has been sold to the general public, some without the [P]laintiff's knowledge, all without authorization, or consent" (*id.* ¶ 17); "Plaintiff has purchased several of these items through these websites here in the State of New York, and the items were shipped to a New York address" (*id.* ¶ 18); "Several of the websites are controlled by the Defendant directly, *www.juliefain.com*, *www.fantasysilhouettes.com*, *www.juliefainart.com*" (*id.* ¶ 19); and "Etsy.com lists about eighty (80) pieces of work by the Defendant" (*id.* ¶ 23). (Pl.'s Mem. in Opp'n at 8-10.) However, even if these broad allegations were sufficient to satisfy Plaintiff's pleading burden as to how and when the alleged infringement occurred, Plaintiff has failed to plead that Defendant actually copied her works.

A plaintiff is required to allege that the defendant copied her protected expression. *See Hogan v. DC Comics*, 983 F. Supp. 82, 85 (N.D.N.Y. 1997). To do so, the plaintiff is required to allege that: "(1) [the] defendant has actually copied the plaintiff's work; and (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectable elements of plaintiff's." *Ritani*, 880 F. Supp. 2d at 441-42 (citation and internal quotation marks omitted).

Because proof of actual copying by direct evidence is uncommon as a plaintiff rarely witnesses the physical act of copying, "[c]opying may be inferred where a plaintiff establishes that the defendant had access to the copyrighted work and that substantial similarities exist as to protectible material in the two works." *Walker v. Time Life Films, Inc.*, 784 F.2d 44, 48 (2d Cir. 1986). In sum, a plaintiff must show that her work "was 'copied,' by proving access and substantial similarity between the works, and also show that [her] expression was 'improperly appropriated,' by proving that the similarities relate to copyrightable material." *Id.* (citations omitted).

Here, Plaintiff has alleged Defendant's access to her works by claiming that she has shown and marketed her works "locally and online," including on Plaintiff's own website and on E-bay, Amazon, Etsy.com, Amazon, E-bay, Zazzle, Facebook and LinkedIn. (Compl. ¶¶ 12, 13.) However, Plaintiff has failed to allege substantial similarity in order to allege that Defendant copied. The only discernable allegation as to the similarities between Plaintiff's and Defendant's works is Plaintiff's claim that Defendant's works have "the look and feel of [P]laintiff's line of works." (Compl. ¶ 15.) In the Court's opinion, this vague and broad allegation does not state a claim of actual copying. Moreover, the Complaint is devoid of any allegations as to which elements of Plaintiff's works were protected. While Plaintiff correctly argues that she is not required to prove her claim at the pleading stage (Pl.'s Mem. in Opp'n at 10-11), she nevertheless has the burden of properly alleging her claim, which includes, *inter alia*, alleging that Defendant copied her work, and identifying with some degree of specificity how Defendant's works are substantially similar to her own. *See Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 69 (2d Cir. 2010) ("[B]ecause plaintiffs have failed to allege

8

that a substantial similarity exists between defendants' work and the protectible elements of [plaintiffs'], the district court properly dismissed plaintiffs' federal copyright claim." (internal citation and quotation marks omitted)); *Ritani*, 880 F. Supp. 2d at 442 (S.D.N.Y. 2012) ("[E]ven assuming [defendant] copied [plaintiff's] work, the failure to plead facts regarding how the [works] are 'substantially similar,' including identifying the protectable elements of the works as part of its claim, will result in the dismissal of the copyright claim."). Accordingly, Plaintiff's Complaint requires dismissal. Nonetheless, in the exercise of its discretion, the Court will grant Plaintiff the opportunity to replead. In addition, Defendant's request for attorneys' fees pursuant to 17 U.S.C. § 505 is denied without prejudice to renew.[2]

## *CONCLUSION*

For the foregoing reasons, Defendant's motion to dismiss the Complaint is granted and Defendant's request for attorneys' fees is denied. Plaintiff is granted leave to amend. Plaintiff may serve and file an Amended Complaint on or before October 10, 2014.

**SO ORDERED**

Dated: Central Islip, NY
September 17, 2014

/s/
Denis R. Hurley
Unites States District Judge

---

[2] Although Defendant also argues that Plaintiff's infringement claim should be dismissed as a matter of law because, *inter alia*, "Plaintiff's infringement claim is premised on the assumption that Plaintiff owns the copyright to the entire genre or idea of fairy art," (Def.'s Mem. at 10), the Court need not address this additional argument in support of dismissal as it finds that dismissal is warranted under Rule 12(b)(6) for the reasons discussed in the decision *supra*. Nevertheless, in the event that Plaintiff serves and files an Amended Complaint that remedies the pleading deficiencies noted in this decision, which would include properly alleging the protectable elements of her works, Defendant's argument that Plaintiff seeks copyright protection of the entire genre of fairy art will likely be rendered moot.